■ JOAN D'ALISO, an Infant, by Her Guardian ad Litem, DOMINICK D'ALISO, et al., Respondents, v. IRVING TOBACK et al., Appellants. ROSEANN RUOCCO, an Infant, by Her Guardian ad Litem, NIEL RUOCCO, et al., Respondents, v. IRVING TOBACK et al., Appellants.— In these actions to recover damages for personal injuries, and for medical expenses and loss of services, the appeals are (1) from an order entered March 4, 1959 granting a preference in trial of the actions pursuant to rule 2A of the Westchester County Supreme Court Rules upon the appellants' default in appearing at a pretrial hearing, and (2) from an order entered July 13, 1959 which denied appellants' motion (a) to reargue and (b) to open their default and to vacate the order entered March 4, 1959. Appeal from order entered March 4, 1959 and from so much of the order entered July 13, 1959 as denied appellants' motion for reargument dismissed, without costs. No appeal lies from an order entered on a default (Civ. Prac. Act, § 557) nor from an order denying a motion for reargument (Cohen v. Kaskel [Appeal No. 1], 280 App. Div. 992). Order entered July

13, 1959 modified by striking therefrom everything following the words "to reargue" and by substituting therefor the words and figures "is denied, and the motion to open defendants' default and to set aside the order entered March 4, 1959 is granted". As so modified, order insofar as appealed from affirmed, without costs. In our opinion, appellants' default was not willful but was due to a misunderstanding, and the denial of the motion to open the default was an improvident exercise of discretion. Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.